IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

BRANDON D. ACKER,              )
                                   )
            Plaintiff,              )    TC-MD 120056C
                                   )
          v.                   )
                                   )
DEPARTMENT OF REVENUE,    )
State of Oregon,                  )
                                   )
           Defendant.       )    **DECISION**

This matter is before the court on cross-motions for summary judgment. Plaintiff filed a

written motion on April 23, 2012, and Defendant filed a cross-motion on April 27, 2012. The

court heard oral argument at a hearing held by telephone on May 9, 2012. Plaintiff was

represented by Terry A. Slead, Certified Public Accountant (Slead). Defendant was represented

by Sandi Lyon, an auditor for the Department of Revenue.

## I.  STATEMENT OF FACTS

Plaintiff has lived and worked overseas in the Czech Republic since October 2006. (Ptf's

Mot at 1.) Plaintiff filed a 2007 nonresident Oregon income tax return (Oregon Form 40N)

received by Defendant on April 8, 2008. (*Id.*) The return reported a tax due which Plaintiff paid

at the time the return was filed. (Def's Cross Mot for Summ J at 2.) That return was prepared by

a tax preparer in Central Point, Oregon. (Ptf's Mot at 1.) Plaintiff subsequently learned from

Slead that he qualified for two beneficial tax programs: (1) a foreign earned income exclusion on

his United States income tax returns, and (2) an income exclusion for non-Oregon source

income.[1] (*Id.* at 2.) Accordingly, Plaintiff filed amended federal and state income tax returns on

---

[1] Plaintiff became a client of Slead in 2010, and while Slead was preparing Plaintiff's 2009 tax return she reviewed Plaintiff's 2007 and 2008 returns and advised Plaintiff that the returns were incorrect and should be amended. (Ptf's Motion at 2.)

June 15, 2011.  (*Id.*)  Defendant received Plaintiff's amended 2007 return on June 17, 2011, and agrees that it was "filed" on June 15, 2011.  (Def's Cross Mot for Summ J at 2.)  Plaintiff's amended 2007 Oregon Form 40N reported a refund of $2,159.  (Ptf's Mot at 1.)

Defendant issued a Notice of Proposed Refund Adjustment on October 17, 2011.  (Ptf's Compl at 4.)  That notice indicated that the refund claim was being denied because, "[u]nder Oregon law, you only have three years from the due date of return to file for a refund. * * * Because you filed too late, we can't issue a refund or use it to pay tax for another year. ORS 314.415(2)(a)."  (*Id.*)

## II.  ANALYSIS

Plaintiff acknowledges the statutory three-year refund rule under ORS 314.415(2)(a) but insists that Plaintiff's amended 2007 Oregon return was filed within the three-year statutory period because Treasury Regulation 1.6081-5 provides for an automatic two-month extension for the filing of a federal tax return, making the due date for his 2007 return June 15, 2008.  (Ptf's Motion at 2.)  Plaintiff argues that ORS 314.385 provides in part that returns filed with the Oregon Department of Revenue shall be filed on or before the due date of the corresponding federal return for the tax year at issue as prescribed under the Internal Revenue Code and the regulations adopted pursuant thereto.  (*Id.*)  Plaintiff alleges that under ORS 305.270, the claim for refund shall be filed within the period specified in ORS 314.415(2)(a), that the period specified in that latter statute is three years from the due date of the original return, and that Plaintiff's amended return was filed within that three-year window because the original return due date was automatically extended to June 15.  (*Id.*)

///

///

A.      *Relevant statutes and treasury regulation*

ORS 314.415(2)(a)[2] states in pertinent part that:

> "*The department may not allow or make a refund after three years from the time the return was filed*, or two years from the time the tax (or a portion of the tax) was paid, whichever period expires later, unless before the expiration of this period a claim for refund is filed by the taxpayer in compliance with ORS 305.270."

(Emphasis added.)  ORS 314.385(1) states that "returns shall be filed with the Department of Revenue on or before the due date of the corresponding federal return."  Defendant "may allow further time for filing returns equal in length to the extension periods allowed under the Internal Revenue Code and its regulations."  *Id.*

Plaintiff claims that under Treasury Regulation 1.6081-5 (§ 1.6081-5) "the due date for filing individual income tax returns (and incidentally for the payment of the tax as well) is June 15 for taxpayers who reside overseas on April 15."  (Ptf's Motion at 2.)  The regulation states in relevant part that:

> "(a) An extension of time for filing returns of income and for paying any tax shown on the return is hereby granted to and including the fifteenth day of the sixth month following the close of the taxable year in the case of—
> *****
> (5) United States citizens or residents whose tax homes and abodes, in a real and substantial sense, are outside the United States and Puerto Rico; []
> *****
> (b) In order to qualify for the extension under this section—
>
> (1) A statement must be attached to the return showing that the person for whom the return is made is a person described in paragraph (a) of this section; []"

Treas Reg 1.6081-5 (2012) (as amended by TD 8312, Sept 10, 1990).[3]

/ / /

---

[2] All references to the Oregon Revised Statutes (ORS) and the Internal Revenue Code (IRC) are to 2005.

[3] Treasury regulations are the authoritative interpretation of the Internal Revenue Code so long as they are reasonable. *Cottage Sav. Ass'n v. Comm'r*, 499 US 554, 560-61, 111 S Ct 1503, 113 L Ed 2d 589 (1991).

B.      *Due date*

The court's task in interpreting a federal statute "is to identify and carry out the intent" behind its creation. *Shaw v. PACC Health Plan, Inc.*, 322 Or 392, 400, 908 P2d 308 (1995) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 US 41, 45, 107 S Ct 1549, 95 L Ed 2d 39 (1987)). The extension provided by § 1.6081-5 was created with the intention of allowing citizens living abroad additional time to file their income tax returns because it was recognized that these citizens may have difficulty filing by April 15. *See* TD 8312, Sept 10, 1990. This recognized difficulty would presumably apply to citizens living abroad in meeting a three year deadline for filing as well. However, the due date for filing Oregon returns is prescribed by Oregon statute, and in interpreting an Oregon statute the court cannot "insert what has been omitted, or [] omit what has been inserted." *PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993), citing ORS 174.010.

Although ORS 314.385(1)(c) states that Defendant "*may* allow further time for filing returns equal in length to the extension periods allowed under the Internal Revenue Code and its regulations," (emphasis added), ORS 314.415(2)(a) states that Defendant "*may not* allow or make a refund after three years from the time the return was filed." (Emphasis added.) Plaintiff filed his original return on April 8, 2008. (Ptf's Mot at 1.)

The term "filed" is not defined in ORS 314.415(2)(a); however, ORS 314.011(2)(a) states that "[a]ny term [used in this chapter] has the same meaning as when used in a comparable context in the laws of the United States relating to federal income taxes, unless a different meaning is clearly required or the term is specifically defined in this chapter." In the comparable federal context, Internal Revenue Code (IRC) section 6511(a) states that a "[c]laim for credit or refund * * * shall be filed by the taxpayer within 3 years from the time the return was filed," and

IRC section 6513(a) states that "[f]or purposes of section 6511, any return filed before the last day prescribed for the filing thereof shall be considered as filed on such last day." 26 USC § 6511(a); 26 USC § 6513(a). Therefore, Defendant could only allow Plaintiff to file a refund request until April 15, 2011, three years from the time Plaintiff's original return was "filed." Plaintiff's original 2007 return was filed with Defendant on April 8, 2008 and is deemed under IRC sections 6511 and 6513 to have been filed on April 15, 2008. Plaintiff did not file his amended return until June 15, 2011, two months after the three-year deadline, and therefore the time limitations of ORS 314.415(2)(a) prevented Defendant from issuing a refund.

Plaintiff claims that the statutory period for amending his return began on June 15, 2008, the date he alleges was the prescribed filing date for his original return because of the two-month extension provided under § 1.6081-5. (*See* Ptf's Motion at 2.) However, an extension of a due date does not move the due date, a distinction well illustrated through an examination of the Oregon Tax Court case *Day v. Department of Revenue* (*Day*), TC No 4892, WL 4880663 (Nov 30, 2010). In *Day*, the original filing due date for Plaintiff's federal return was April 15, 2004. WL 4880663 at *3. However, when the federal filing due date three years subsequent was moved to April 17, because April 15 fell on a Sunday and April 16 was a holiday,[4] the corresponding Oregon filing due date under the three year refund rule in ORS 314.415(2)(a) was also April 17. *Id.* In *Day*, the filing due date was moved, not extended. Here, in contrast, Plaintiff was granted "an extension of time" under § 1.6081-5; the filing *due date*, however, remained April 15.

An examination of § 1.6081-5 further supports this conclusion. The two-month extension for citizens living abroad provided under § 1.6081-5 is "hereby granted," and receiving the extension requires only that a statement be attached to the return, showing that "the person for

---

[4] Emancipation Day.

whom the return is made" is a United States citizen whose tax home is outside the United States. *See* Treas Reg 1.6081-5(b)(1) (2012). This statement, as well as the payment of any tax due, need not be submitted until June 15. *See* Treas Reg 1.6081-5 (2012).

However, the declaratory language granting the extension combined with the ease in which citizens living abroad may apply serve only to reinforce the automatic nature of the extension, not to denote an altered due date. Furthermore, although § 1.6081-5 extends the date for payment of any federal income tax due, citizens living abroad must pay interest beginning April 15 until such taxes are paid. *See* "Tax Guide for U.S. Citizens and Resident Aliens Living Abroad," IRS Pub 54 (Dec 2011), *available at* http://www.irs.gov/pub/irs-pdf/p54.pdf. IRC section 6601(a) states that "[i]f any amount of tax * * * is not paid on or before the last date prescribed for payment, interest on such amount * * * shall be paid for the period from such last date to the date paid." 26 USC § 6601(a). IRC section 6601(b)(1) states that "[t]he last date prescribed for payment shall be determined without regard to any extension of time for payment[.]" 26 USC § 6601(b)(1). Therefore, as the date on which interest begins to accrue, April 15 is also the prescribed date for the payment of taxes due. The aforementioned IRC sections do not establish an April 15 *filing* due date. However, they do establish that taxes shall be paid on April 15, and IRC section 6151(a) states that "* * * when a return of tax is required under this title or regulations, the person required to make such return * * * shall pay such tax *at the time and place fixed for filing* the return (determined without regard to any extension of time for filing the return)." 26 USC § 6151(a). (Emphasis added.) Therefore, it follows that April 15 is also the prescribed date for filing a return.

In sum, although § 1.6081-5 allows citizens living abroad to file federal income tax returns and pay taxes due by June 15, the *due date* of both remains April 15. Therefore,

Plaintiff's original filing due date for his Oregon income tax return was April 15, 2008, as "returns shall be filed with the Department of Revenue on or before the due date of the corresponding federal return." ORS 314.385.

III. CONCLUSION

Treasury Regulation section 1.6081-5 does not alter the due date for federal income tax returns for United States citizens living abroad but instead provides those citizens with an extension of time for filing and for paying taxes due. ORS 314.415(2)(a) prohibits Defendant from allowing or making a refund "after three years from the time the return was filed." Plaintiff's claim for refund was not filed within three years of the due date of the original return and thus was appropriately denied.

Now, therefore,

IT IS THE DECISION OF THIS COURT that Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied.

Dated this ___ day of August 2012.

 

DAN ROBINSON
MAGISTRATE

*If you want to appeal this Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within 60 days after the date of the Decision or this Decision becomes final and cannot be changed.*

*This document was signed by Magistrate Dan Robinson on August 10, 2012. The Court filed and entered this document on August 10, 2012.*